[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11122
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00481-SDM-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTELMO MORALES-SANCHEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 12, 2018)

Before NEWSOM, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Antelmo Morales-Sanchez appeals his sentence for unlawfully reentering the

United States after removal, arguing that the imposition of a sentence higher than

the Sentencing Guidelines range was substantively unreasonable. Because, in view

of the totality of the circumstances, we do not find that the district court abused its

discretion in its consideration of the sentencing factors and purposes, we affirm.

Morales-Sanchez, a 39-year-old citizen of Guatemala, first entered the

United States when he was 16 years old. His five children, the oldest aged 17, were

born in the United States, and Morales-Sanchez lived with their mother in Tampa,

Florida. Since 1996, he has amassed 10 criminal convictions as well as 17 traffic

violations. He was removed from the United States seven times from 2001 to 2016,

and he received sentences of 88 days, 180 days, and 180 days of imprisonment for

three separate convictions of unlawful reentry after removal.

Morales-Sanchez was arrested in 2017 for aggravated assault with a deadly

weapon, and he was again charged with unlawful reentry, 8 U.S.C. § 1326(a),

(b)(1).[1] Morales-Sanchez pleaded guilty to the unlawful reentry offense without a

---

[1] (a) Subject to subsection (b), any alien who—

> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under title 18, or imprisoned not more than 2 years, or both.

(b) Notwithstanding subsection (a), in the case of any alien described in such subsection—

> (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than

written plea agreement. With an adjusted offense level of 13 and a criminal history category of IV, the Guidelines' sentencing range was 24 to 30 months of imprisonment. *See* U.S.S.G. § 5A.

At the sentencing hearing, both Morales-Sanchez and the government requested a sentence of 24 months. Morales-Sanchez asked for forgiveness and explained that he only committed the offense on account of his family. His counsel stated that the family now planned to relocate permanently to Guatemala, and he argued that the success of Morales-Sanchez's children in school and his work ethic reflected his good character. Morales-Sanchez's 17-year-old daughter also testified that a prison sentence would be difficult for her family.

The district court found that the difficulties facing Morales-Sanchez and his family were of his own making due to his persistent disregard for U.S. law. It found that the previous short sentences Morales-Sanchez had served for unlawful reentry had failed to deter such criminal conduct. Although the court acknowledged Morales-Sanchez's daughter who had testified at the hearing, it doubted that the family really intended to leave the country after so many opportunities to do so, and also found that the presence of his children and their mother in the United States provided a strong incentive for Morales-Sanchez to reoffend. Finding that a longer sentence was necessary to promote respect for the

---

an aggravated felony), such alien shall be fined under title 18, imprisoned not more than 10 years, or both[.]

law, provide just punishment, and deter criminal conduct, the court imposed a sentence of 42 months' imprisonment. Morales-Sanchez now appeals.

We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party challenging a sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference we afford to sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A district court abuses that discretion, however, when it fails to consider relevant factors that were due significant weight, gives an improper or irrelevant factor significant weight, or commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

We conclude that the district court did not abuse its discretion when it imposed an above-Guideline sentence. When a district court imposes a sentence above the Guidelines' range, it must "ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. Here, in light of the § 3553(a) factors and the record, the need for a longer sentence was compelling. Under § 3553(a)(1), the district court considered Morales-Sanchez's

4

history and characteristics in full—not merely his congenial family situation, as Morales-Sanchez emphasizes, but also his pattern of criminal conduct and disregard for U.S. immigration law—and found that they supported a longer sentence. Under § 3553(a)(2), the district court also considered the need for the sentence to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct, and found that these purposes required a longer sentence in light of Morales-Sanchez's recidivism.

We must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. Particularly in light of the ineffectiveness of the shorter sentences Morales-Sanchez received three times for the identical offense, we are not persuaded that the district court acted unreasonably. We also note that the sentence it imposed was far below the statutory maximum sentence of 10 years, 8 U.S.C. § 1326(b)(1), which further supports its reasonableness. *See Rosales-Bruno*, 789 F.3d at 1256–57. In view of the entire record, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Morales-Sanchez's sentence is **AFFIRMED.**